9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin J. BLUM, Petitioner-Appellant,
v.
Eward L. EVANS, Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6052.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 18, 1993.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.[2]
 
 
 2
 Petitioner-Appellant, Alvin J. Blum, appeals from the district court's dismissal of his 28 U.S.C. 2254 petition. Blum claims that his due process rights were violated because a 1978 Oklahoma state conviction was used to enhance another Oklahoma conviction in 1989. Blum argues that his appeal in the 1978 conviction was unduly delayed. We affirm the district court's dismissal of Blum's petition.
 
 
 3
 Blum was convicted of a drug offense on March 11, 1978 in the District Court of Jefferson County, Oklahoma. On the same day, he filed a notice of his intent to appeal. Aside from completing the record on appeal, no further action on the appeal was taken, which Blum alleges is the result of gross negligence on the part of the clerk's office and ineffective assistance of counsel on the part of his court-appointed attorney. On December 12, 1978, Blum was paroled. From then until 1989, Blum took no further steps on his appeal.
 
 
 4
 On May 11, 1989, Blum was convicted on multiple drug-related charges in an Oklahoma state court, and these charges were enhanced due to his 1978 conviction. Because the 1978 conviction was used for enhancement of his 1989 offense, Blum sought to challenge the earlier conviction by moving for an appeal out of time. On April 11, 1990, the Oklahoma Court of Criminal Appeals granted this appeal out of time. Both this direct appeal of his 1978 conviction and a direct appeal of his 1989 conviction are pending before the Oklahoma state courts.
 
 
 5
 On June 3, 1992, Blum filed a 28 U.S.C. 2254 habeas corpus petition with the United States District Court for the Western District of Oklahoma. In the petition, Blum claimed, first, that the Oklahoma habitual criminal statutes that were used to enhance his 1989 conviction, Okla. Stat. tit. 21, 51(A) & (B), are unconstitutional, and second, that appellate delay in his 1978 conviction violated his due process and equal protection rights. Accepting a magistrate's report, on January 25, 1993, the district court dismissed without prejudice the constitutional challenges to the Oklahoma habitual criminal statutes because, due to the pending direct appeal of the 1989 conviction, Blum had not exhausted his state court remedies.
 
 
 6
 Reaching the merits on the second issue, the district court held that the delay in the direct appeal of the 1978 conviction did not cause a due process or equal protection violation. Both the magistrate and the district court judge found, as a matter of fact, that any delay suffered by Blum was his fault as much as any other. Further, Blum is now receiving direct appellate review of his 1978 conviction in the Oklahoma state courts, and is not alleging undue delay in those proceedings.
 
 
 7
 For the reasons outlined in the district court's order dismissing Blum's 2254 petition and the magistrate's report it accepts, we agree with the district court that 1) Blum's challenge to Oklahoma's habitual criminal law should be dismissed without prejudice for failure to exhaust; and 2) that he was not denied due process or equal protection for the reason of delay in the appeal of his 1978 conviction.
 
 
 8
 We thus AFFIRM the order of the district court denying Petitioner's 2254 petition.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We grant Petitioner's motion for certificate of probable cause